WASHINGTON G. WILEY v. WATSON BEACH, CIRCUIT JUDGE OF TUSCOLA COUNTY.

*Taxes—Decree for sale—Appeal—Mandamus.*

An appeal is authorized by the tax law of 1889 from a decree for delinquent taxes, and *mandamus* will not lie to compel the circuit judge to review such a decree, and allow the land-owner to answer, he alleging in his petition that the tax is illegal, and that he was not served with subpœna, but not that the petition and tax list were not published.

*Mandamus.* Submitted June 9, 1891. Denied June 10, 1891.

Relator applied for order to show cause why *mandamus* should not issue to compel respondent to allow him to file an answer to the petition of the Auditor General for sale of delinquent tax lands. The facts are sufficiently stated in the opinion.

*F. S. Wheat,* for relator.

PER CURIAM. Relator states that certain drain taxes were laid upon his lands that are illegal; that they were returned to the Auditor General, and are included in the proceedings to sell under the law authorizing proceedings

by petition of the Auditor General in chancery; that the land lies in Tuscola county, and that relator resides in Lansing; that no personal service of subpœna was had upon him, and that a decree was made and the land sold in 1890, and that he did not know of such fact until March, 1891. He asserts that the drain tax is illegal, and asks for a *mandamus* to compel Hon. Watson Beach to review the decree, and give him leave to answer, etc.

The statute authorizes an appeal. There is no allegation that the petition and list of lands were not duly advertised. Without now passing upon the question of the validity of the proceedings,—because they are not involved,—we think the remedy by *mandamus* is not proper.